IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED ~ ~ ~ ~ ~ COURT

JUL 2 2 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01301-OES

TROY TERRELL PIERCE

    Applicant,

v.

GOVERNOR BILL OWENS,
TRINIDAD CORRECTIONAL FACILITY; by and through Warden Harlan,
COLORADO STATE BOARD OF PAROLE,
COLORADO DEPARTMENT OF CORRECTIONS, et al., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Troy Terrell Pierce is a prisoner in the custody of the Colorado Department of Corrections at the Trinidad, Colorado, Correctional Facility. Mr. Pierce has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the Application liberally, because Mr. Pierce is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Pierce will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. First, Mr. Pierce should note that he has failed to name a proper respondent in addition to the Attorney General of the State of Colorado. Pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who is the custodian of the person

detained. The only correct respondent would be the custodian of the facility in which he is incarcerated.

In addition, it is not clear that Mr. Pierce is asserting federal constitutional claims in this action. "[R]elief under 28 U.S.C. § 2254 does not lie for errors of state law." **Richmond v. Embry**, 122 F.3d 866, 870 (10th Cir. 1997). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991). Therefore, Mr. Pierce will be ordered to file an Amended Application.

Finally, Mr. Pierce must demonstrate in the Amended Application that he has exhausted state remedies. **See** 28 U.S.C. § 2254(b)(1). An application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989).

Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A

state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Pierce file **within thirty (30) days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Pierce two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the Amended Application shall be titled "Amended Application" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Araj U.S. Courthouse, 901 19th Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that, if Mr. Pierce fails within the time allowed to file an Amended Application as directed, the Application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 21st day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01301-OES

Mr. Troy Terrell Pierce
Prisoner No. 112903
Trinidad Corr. Facility
PO Box 2001
Trinidad, CO 81082

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/22/05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk